**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **CAROLYN McKAY SYDNOR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO. 1:10cv934 (JCC/IDD)** |
| | : | |
| **FAIRFAX COUNTY, VIRGINIA,** | : | |
| | : | |
| **Defendant.** | : | |

**REPLY BRIEF OF DEFENDANT FAIRFAX COUNTY TO**
**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION IN LIMINE**

Defendant Fairfax County, Virginia, by counsel, files this Reply Brief to Plaintiff's

Opposition to Defendant's Motion in Limine.[1]

**ARGUMENT**

Sydnor's argument is that, because she informed the EEOC that she had been denied a

reasonable accommodation, the entire world of potential accommodations was opened up to

investigation.

In this case, the accommodation that Sydnor informed the EEOC that she had been

denied was permanent or indefinite light duty work.  Sydnor does not, indeed cannot, dispute

this.  It is uncontested that Sydnor, at the time she filed her EEOC Charge, did not inform the

EEOC that she believed that she could perform the essential functions of a public health nurse

with the accommodation of a wheelchair.  Indeed, her request for light duty work demonstrates

---

[1] As a preliminary matter, counsel noticed, after he filed the Motion in Limine herein, that he had
not attached the Exhibits cited therein. Those Exhibits are attached hereto as Exhibits 1-3, as
designated in the original Memorandum.

that at the time of the filing of her EEOC Charge, Sydnor did *not* believe that she could perform the essential functions of her job.  The reality of what Sydnor is now claiming is that the use of a wheelchair would enable her to perform light duty work, not the essential functions of her job.

The citation by Sydnor to the report of Dr. Jones does not alter these facts.  No physician ever opined that Sydnor could perform all the essential functions of her job in a wheelchair. Sydnor herself did not claim this, even at the point where her dismissal was proposed.   It is clear from the evidence cited by the County that Sydnor had one, and only one, accommodation in mind: permanent light duty.  Sydnor's responses to the EEOC questionnaire and her correspondence with her supervisors in November 2009, in all of which she only sought light duty work, would undoubtedly have formed the basis of the EEOC's investigation of this charge. The language of her EEOC Charge filed by Sydnor was that "she requested a reasonable accommodation" and the questionnaire makes it clear that the accommodation she had requested was permanent or indefinite light duty.  She is unable to point to any language in the questionnaire or in her correspondence with her employer in November 2009 that shows that the accommodation she had in mind was working full duty in a wheelchair.

For the reasons set forth in the County's Memorandum of Points and Authorities in Support of Motion *in Limine* and for the reasons set forth herein, the County respectfully prays that its Motion *in Limine* be granted, and that the Plaintiff be precluded from introducing evidence concerning any alleged accommodation that was not contemplated at the time of the filing of her EEOC Charge.

*(Signature block on next page)*

Date:   March 22, 2011                    Respectfully submitted,

                                          **DAVID P. BOBZIEN**
                                          **COUNTY ATTORNEY**


                                          By:_____/s/_____
                                              **James E. Wilcox, Jr., Assistant County**
                                                   **Attorney**
                                              Virginia State Bar No. 17743
                                              Counsel for the Defendants
                                              Office of the County Attorney
                                              12000 Government Center Parkway, Suite 549
                                              Fairfax, Virginia  22035-0064
                                              Telephone: (703) 324-2421
                                              Fax: (703) 324-2675
                                              James.Wilcox@fairfaxcounty.gov


<u>**CERTIFICATE OF SERVICE**</u>

         I hereby certify that a true and correct copy of the foregoing was filed electronically with the Clerk of the United States District Court for the Eastern District of Virginia, Alexandria Division, using the CM/ECF system, on March 22, 2011.



                                          _____/s/_____
                                          James E. Wilcox, Jr., Assistant County Attorney
                                          Virginia State Bar No. 17743
                                          Counsel for the Defendants
                                          Office of the County Attorney
                                          12000 Government Center Parkway, Suite 549
                                          Suite 549
                                          Fairfax, Virginia  22035-0064
                                          Telephone: (703) 324-2421
                                          Fax: (703) 324-2675
                                          James.Wilcox@fairfaxcounty.gov


\\s17prolaw01\Documents\109648\JEW\Correspondence\345284.doc

3